UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F. (a minor, by and through his Guardian ad Litem, R.S.), R.S., and A.F.,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGUITO UNION HIGH SCHOOL; ROB COPPO, an individual; ANGELA GUERRERO, an individual; THERESA BARNES, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:26-cv-04737-WQH-GC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Appoint Guardian Ad Litem filed by Plaintiffs M.F., R.S., and A.F. (ECF No. 3.)

## I. BACKGROUND

On August 19, 2026, Plaintiffs M.F., R.S., and A.F. ("Plaintiffs") initiated this action by filing a Complaint asserting violations of the First and Fourteenth Amendments to the U.S. Constitution and related claims arising from Plaintiff M.F.'s "constitutionally protected political speech at a public high school and [his] subsequent involuntary commitment to a psychiatric facility." (ECF No. 1 at 2.)

On the same day, Plaintiffs filed a Motion to File Documents Under Seal (ECF No. 2) and a Motion to Appoint Guardian Ad Litem (ECF No. 3).

On August 31, 2026, the Court granted the Motion to File Documents Under Seal and directed Plaintiffs to file an unredacted version of their Motion to Appoint Guardian Ad Litem and its supporting declaration under seal within thirty (30) days. (ECF No. 6.) Plaintiffs did not file an unredacted version of their Motion to Appoint Guardian Ad Litem by September 30, 2026, thirty days from the date the Court granted the Motion to File Documents Under Seal.

On October 6, 2026, the Court issued an Order requiring Plaintiffs to file an unredacted version of their Motion to Appoint Guardian Ad Litem by November 16, 2026. (ECF No. 9.)

On October 14, 2026, Plaintiffs filed the unredacted version of their Motion to Appoint Guardian Ad Litem under seal. (ECF No. 10.)

## II. DISCUSSION

Plaintiff M.F. asserts that he is a minor under the age of eighteen (18) years. (ECF No. 10 at 2.) Plaintiff M.F. asserts that R.S. is the "biological parent and one of the legal guardians" of M.F. *Id*. R.S. states in her declaration that she is "the mother of the minor Plaintiff M.F." *Id*. at 4. R.S. states that she has "personal knowledge of the facts alleged," that she has "no interest adverse to that of" her son, and that she is "fully able and willing to serve" as guardian ad litem for her son. *Id*.

Under Federal Rule of Civil Procedure 17(c)(1), "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). A "minor or an incompetent person who does not have a duly appointed representative may sue by … a guardian ad litem." Fed. R. Civ. P. 17(c)(2). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *Lee v. City of Elk Grove*, 2026 WL 2392432, at *1 (E.D. Cal. Aug. 17, 2026) (quoting *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 804 (9th Cir. 1986)). "In

making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests." Cal. Civ. Proc. Code § 372(b)(1).

Here, no "divergent interests" between the minor plaintiff and R.S. are apparent at this time. *See* (ECF No. 10 at 4); *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (noting that "when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest"). Based on the record before the Court, R.S. would act to protect the minor plaintiff's rights. Cal. Civ. Proc. Code § 372(b)(1).

## III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Appoint Guardian Ad Litem (ECF No. 3) filed by Plaintiffs M.F., R.S., and A.F. is granted. R.S. is appointed as the guardian ad litem in this case for minor M.F.

Dated: 10/30/2026

Hon. William Q. Hayes
United States District Court